IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michelle Ryder Morris, | C/A No.: 6:12-2692-JFA-KFM |
| Plaintiff, | |
| vs. | ORDER |
| Carolyn W. Colvin, Commissioner of Social Security, | |
| Defendant. | |

The plaintiff, Michelle Ryder Morris, brings this action pursuant to § 405(g) of the Social Security Act, as amended, to obtain judicial review of the final decision by the Commissioner of Social Security denying plaintiff's claim for supplemental security income (SSI) and disability insurance benefits (DIB).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence and the standards of law which this court incorporates without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on January 28, 2014. The plaintiff has responded with various objections and the Commissioner has replied thereto.

PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, briefly summarized as follows. The plaintiff first applied for DIB alleging a disability date of March 19, 2009. An Administrative Law Judge (ALJ) denied the claim and the Appeals Council denied plaintiff's request for review. The plaintiff then sought judicial review of that decision in this court with a complaint filed on September 18, 2012.

*The ALJ's Findings*

At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. At step two, the ALJ found that Plaintiff's "status post-motor vehicle accident, with multiple fractures, depression, adjustment disorder, and post-traumatic stress disorder" were severe impairments. At step three, the ALJ found that the plaintiff's impairments did not meet or equal any of those in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff's assertions about disabling limitations were not fully credible, and that Plaintiff retained the residual functional capacity (RFC) for sedentary work with certain postural, social, and skill limitations. At step four, the ALJ determined that Plaintiff could not perform her past relevant work as a certified nursing assistant. However, a vocational expert testified at the hearing that an individual with Plaintiff's RFC could perform some jobs that exist in

significant numbers in the regional and national economies. As a result, at step five the ALJ concluded that Plaintiff was not disabled.

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by:

(1) Failing to properly evaluate Dr. Freeman's treating source opinion;

(2) Failing to properly consider Plaintiff's obesity in his listing analysis at step three;

(3) Finding that the plaintiff's assertions about limitations were not entirely credible; and

(4) Finding that the plaintiff had the RFC to perform other work.

1

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge rejects the plaintiff's arguments finding that the Commissioner's decision is based upon substantial evidence and free of legal error and that the decision should be affirmed.

The court finds, however, that a remand is necessary for the purpose of addressing plaintiff's obesity.

APPLICATION AND ANALYSIS

Although this court may make a *de novo* review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally

correct under controlling law.

In response to the Report and Recommendation, the plaintiff has lodged two objections. First, she takes issue with the Magistrate Judge's finding that the ALJ's failure to expressly address plaintiff's obesity was harmless error. Second, plaintiff contends that the Magistrate Judge erred as a matter of law in finding that the ALJ's failure to assign "controlling weight" to the opinion of plaintiff's treating physician (Dr. Earl Freeman) was proper.

Plaintiff is 5'3" and weighs approximately 210 pounds. The Magistrate Judge asked the plaintiff what she weighed at the hearing, but did not mention her weight or address the question of obesity in his decision. Relying upon *Barnett v. Astrue*, 676 F.3d 582 (7th Cir. 2012), plaintiff contends that the ALJ "must factor in obesity when determining the aggregate impact of applicant's impairments."

In response, the Commissioner contends that "this court has held that there is no error for failure to discuss obesity where the claimant fails to show that obesity limits her." *Gassaway v. Astrue*, 8:07-4803 (2009 WL 462704 at *10 (D.S.C. Feb. 23, 2009)." *Gassaway*, however, does not stand for this proposition. In that case, Judge Floyd noted that "the ALJ concluded his lengthy discussion of plaintiff's functional capacity by noting that 'I find that the medical and other evidence establishes that the claimant's impairments, *including morbid obesity*, are capable of producing pain and limitations, but her allegations of the intensity, persistence and functionality limiting the effects of her symptoms are not substantiated by the objective medical or other evidence." *Id*. at *2 (emphasis added).

4

In the instant case, the ALJ's decision did not mention plaintiff's obesity or her weight, much less discuss its effect on her other impairments. As noted above, the ALJ was aware of the plaintiff's weight, but his failure to mention obesity when determining the aggregate impact of plaintiff's impairments requires that this case be remanded for consideration of the obesity issue.

Regarding plaintiff's second objection, this court finds no error in the Magistrate Judge conclusion that the ALJ properly dealt with the opinion of plaintiff's treating physician, Dr. Freeman. Accordingly, the court adopts the Report and Recommendation on all issues except the obesity issue.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this determines that the Commissioner's decision should be remanded

This case is remanded for the sole purpose of examining the effect, if any, of plaintiff's obesity on her other impairments. By remanding this action, the court expresses

5

no opinion whatsoever on the ultimate resolution of this claim.

    IT IS SO ORDERED.

March 14, 2014                              Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge